NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TRIBORO, INC. and TRIBORO INC. d/b/a RIPARIAN SALES, INC., ABACUS SALES, INC., and DEXSI FINANCE COMPANY, LLC, | : : : :  OPINION : : Civ. No. 05-997 (WHW) |
| Plaintiffs, | : : |
| v. | : : |
| SIREN, INC., and MAVERICK ENTERPRISE, INC. and/or SIREN, INC. d/b/a MAVERICK ENTERPRISES INC., | : : : : |
| Defendants. | : : |

**Walls, Senior District Judge**

Third-Party Defendant Rosario Coniglio ("Coniglio") has moved to dismiss with prejudice Defendant/Third-Party Plaintiff Siren Inc.'s ("Siren") Third-Party Complaint, pursuant to Fed.R.Civ.P. 12(b)(6). Alternatively, Coniglio moves to strike Siren's jury demand with respect to Counts II and III of the Third-Party Complaint. Pursuant to Fed. R. Civ. P. 78, Coniglio's motion is decided without oral arguments.

Because Coniglio has provided no sound basis on which the Court should dismiss the Third-Party Complaint, the Court denies his motion to dismiss. The Court grants Coniglio's motion to strike Siren's jury demand with respect to Counts II and III of the Third-Party Complaint.

NOT FOR PUBLICATION

## FACTS AND PROCEDURAL BACKGROUND

In February of 2005, plaintiff Triboro, Inc.[1], filed a Complaint against defendant/third-party plaintiff Siren, alleging three counts of breach of contract and one count of breach of the duty of good faith. Triboro's claims are based on Siren's alleged failure to remit payment for certain health and beauty products sold to the defendant by the plaintiff. An Amended Complaint, with slight modifications, was filed in March of 2005. Count 1, for breach of contract, is for $243,256.45; Count 2, for breach of contract, is for $559,563.68; Count 3, for breach of contract, is for $679,916.05; Count 4, for breach of duty of good faith, is for $1,400,184.74.

In September of 2005, Siren filed its Answer to Triboro's Amended Complaint, which included numerous affirmative defenses. Significant among those affirmative defenses, for the purposes of the present opinion, is Siren's sixth affirmative defense, which states that the debt on which plaintiffs bring this action "has been paid in full by Defendants to Plaintiffs." (Answer at 13.) Siren also filed a counterclaim against Triboro, alleging breach of contract and breach of the duty of good faith.

In September of 2005, Siren also filed a Third-Party Complaint against third-party defendant Rosario Coniglio, pursuant to Fed. R. Civ. P. 12(b). Siren identifies Coniglio as "an owner, officer and/or director of plaintiffs Triboro, Inc., Abacus Sales Company, Inc., and Dexsi

---

[1]Triboro, Inc. has also done business with Siren on a limited basis under the trade name, Riparian Sales, Inc., and operates through affiliated corporations, co-plaintiffs Abacus Sales Company, Inc., and Dexsi Finance Company, LLC. This opinion will refer to these entities collectively as "Triboro."

**NOT FOR PUBLICATION**

Finance Company, LLC." (Third-Party Complaint at ¶ 5.) Siren claims that Coniglio treated "Plaintiffs as his alter egos, commingling personal and business funds, demanding and taking for himself payments due to the Plaintiffs, ignoring corporate formalities, and demanding that security for obligations to the Plaintiffs be issued to himself personally." (Third-Party Complaint at ¶ 7.) Siren articulates its claims against Coniglio as three separate causes of actions, based on Coniglio's alleged breach of various contracts with Scott Wenrich, Siren's owner.[2]

First, Siren alleges that on June 2, 2004, Coniglio requested and Wenrich paid $200,000.00 in cash to Coniglio in exchange for Coniglio's promise that this money would be applied "to Siren's accounts with the Plaintiffs." (Third-Party Complaint at ¶ 10.) Siren claims that Coniglio never applied the $200,000 to pay for Siren's purchases. (Third-Party Complaint at ¶ 11.)

Second, Siren alleges that on September 1, 2004, Wenrich signed a promissory note prepared by Coniglio, in the amount of $496,000.00 to be paid by Wenrich to Coniglio, in exchange for the promise that Coniglio would apply "the amount of the note . . . to pay for past and future purchases by Siren from the Plaintiffs." (Third-Party Complaint at ¶ 16.) Siren claims that Coniglio did not apply the $496,000.00 to pay for Siren's purchases. (Third-Party Complaint at ¶ 19.)

---

[2] In contrast with Triboro's Complaint, which deals with inter-corporate transactions, the contracts and transactions at issue in Siren's Third Party Complaint were ostensibly between Coniglio and Wenrich as individuals.

**NOT FOR PUBLICATION**

Third, Siren alleges that on November 24, 2004, Wenrich signed another promissory note prepared by Coniglio, in the amount of $42,621.27, in exchange for Coniglio's promise to Siren and Wenrich that Coniglio would apply "the amount of the note . . . to pay for past and future purchases by Siren from the Plaintiffs." (Third-Party Complaint at ¶ 23.) Siren claims that Coniglio did not apply the $42,621.37 to pay for Siren's purchases. (Third-Party Complaint at ¶ 26.)

Coniglio moved to dismiss the Third-Party Complaint, in its entirety or in part, for failure to state a claim. In the alternative, he asked the Court to strike Siren's jury demand with respect to Count II and III of the Third-Party Complaint. In response, Siren filed what it styled as a "Conditional Opposition" to Coniglio's motion: in effect Siren stated that it would assent to the Court dismissal of the Third-Party Complaint, so long as a related process brought by Wenrich against Coniglio in California state court was not dismissed. Siren's Conditional Opposition asked that the Court dismiss the Third-Party Complaint without prejudice, so that Siren could potentially bring an action against Coniglio in the District of New Jersey, if the California court determined it did not possess jurisdiction. Coniglio's Reply stated that this solution was unacceptable and requested that the Court dismiss Siren's Third-Party Complaint with prejudice. Before this Court had decided Coniglio's motion to dismiss, Wenrich withdrew his case in California state court,[3] and Siren filed a Supplementary Motion, in the form of a straightforward memorandum opposing Coniglio's original Motion to Dismiss.

---

[3] Wenrich v. Coniglio, 1500-CV-255295 (Cal. Super. Ct. Kern Cty. Sep. 25, 2006) (Order entering plaintiff's request for dismissal).

**NOT FOR PUBLICATION**

Since Siren filed its Supplementary Motion without seeking or receiving permission to file a sur reply as required by Local Civil Rule 7.1(d)(6), the Court will not consider Siren's latest filing. However, given the change in circumstances due to the recent termination of the California state case, the Court will evaluate the merits of Coniglio's motion to dismiss. It will not simply dismiss the Siren's Third-Party Complaint without prejudice, as Siren had initially requested in its "Conditional Opposition," because the operant condition no longer exists.

## LEGAL STANDARD

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

While a court will accept well-plead allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegation. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977). Moreover, the claimant must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and

**NOT FOR PUBLICATION**

matters of public record.  See Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003); see also 5A Wright & Miller, Federal Practice & Procedure § 1357 (2d ed. 1990).

"A 'document integral to or explicitly relied on in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" Mele v. Federal Reserve Bank of N.Y., 359 F.3d 251, 255 n.5 (3d Cir. 2004) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)).  "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."  Id.

## ANALYSIS

To support its conclusion that Siren's Third-Party Complaint must be dismissed, Coniglio makes three arguments.  First, Conigio claims that because the only relief available to Siren is a reduction in its potential liability, Siren's claims must be dismissed.  Second, Coniglio asserts that Counts II and III of the Third-Party Complaint must be dismissed because the waiver language in Wenirch's promissory notes mandates their dismissal.  Third, Coniglio asserts that principles of judicial efficiency require the dismissal of Siren's claims.

In the event that its motion to dismiss fails, Coniglio also argues that the waiver provisions in the promissory notes require that the Court strike Siren's demand for a jury trial, with respect to Counts II and III of the Third-Party Complaint.

NOT FOR PUBLICATION

### I. Coniglio's Argument that Siren's Third-Party Complaint does not State a Cause of Action

The Court interprets Coniglio's general argument here as the claim that Siren has not identified a discrete cause of action against Coniglio on which to base its Third-Party Complaint. Coniglio voices this argument in several different, imprecise, and unconvincing ways.

Coniglio's first rationale for dismissing the Third-Party Complaint is that the Complaint fails to state a claim because the only relief the Court can grant Siren is a reduction in the amount that Siren will owe Triboro if Siren were found liable in the original action. Coniglio cites no legal authority in support of his claim, nor can the Court discern any logical basis for this argument.

Coniglio also tries to support his allegation that Siren's Third Party Complaint fails to state an independent cause of action by asserting that Siren's argument that it has paid Coniglio was properly addressed by the sixth affirmative defense of Siren's Answer. (Motion to Dismiss, at 5.) This implies that paying Coniglio directly is the same as paying Triboro--a conclusion belied by the motion's very next paragraph, where Coniglio calls "false" Siren's "premise that Coniglio and the Triboro Plaintiffs are interchangeable entities." (Motion to Dismiss, at 5.) Coniglio's ambivalence about his relationship to Triboro makes impossible the conclusion that Siren's claim against Coniglio duplicates Siren's sixth affirmative defense against Triboro, and certainly does not lead the Court to conclude that Siren's claim against Coniglio does not amount to a cause of action.

**NOT FOR PUBLICATION**

Alternatively, Coniglio may be arguing that the claim against Coniglio is one based in the doctrine of recoupment, which is properly characterized as a reduction of the remedy available, and not a claim unto itself. Wright & Miller, 6 <u>Federal Practice and Procedure</u> § 1401 (2d ed. 1990). Once again, Coniglio's ambivalence about his relationship to Triboro capsizes his argument. The doctrine of recoupment is only applicable where the recoupment claim arises from the same transaction, between the same parties, as the plaintiff's claim. <u>Id.</u>

Coniglio further argues that the Third-Party Complaint should be dismissed because the parties involved in the original litigation were not contracting parties to the contracts central to the Third-Party Complaint. Coniglio is correct when he observes that the Promissory Notes attached as exhibits to the Third-Party Complaint do "not . . . mention the corporate parties to the action." (Motion to Dismiss, at 5.) But this is irrelevant, because Siren alleges the existence of contracts (apparently oral) between Wenrich and Coniglio that required Coniglio to apply Wenrich's payments and Notes to reduce Siren's debts to Triboro. In other words, Siren's Third-Party Complaint implicitly relies on the claim that Siren was the intended third-party beneficiary of Wenrich's contracts with Coniglio.

Intended third-party beneficiaries almost invariably have standing to bring suit in such instances. <u>Williston on Contracts</u> § 37:53 (4th ed. 2006). If the Court accepts as true, for the purposes of this motion to dismiss, Siren's claim that Wenrich entered into these discrete contracts with Coniglio and that these contracts were intended to benefit Siren, Siren has pled valid breach of contract claims.

**NOT FOR PUBLICATION**

Because Coniglio's claim that the Third-Party Complaint does not state a cause of action is incorrect, his motion to dismiss on these grounds fails.

### II.     Coniglio's Argument for Dismissal on Basis of Waiver

Coniglio points out that Counts II and III of the Third-Party Complaint are based on contracts that involve two promissory notes that Wenrich issued to Coniglio, allegedly in consideration for Coniglio's reduction of Siren's obligations to Triboro in the amount of the notes.  Both of the promissory notes contain waiver language, which reads:

> Further, Maker hereof hereby expressly waives trial by jury in any action or proceeding arising on, out of, under or by reason of this Note; and waives any defenses, set-offs, counterclaims or other objections to the payment of this Note and any defenses which may be available to the Maker against the Holder.

(Third Party Complaint, Exs. B & C.)  Siren claims that this waiver language requires that the Court dismiss Counts II and III of the Third-Party Complaint.

The waiver may be separated into two provisions.  First, the Maker "waives trial by jury in any action or proceeding arising on, out of, under or by reason of this Note."  This provision of the waiver relates only to the waiver of a jury trial, not to the waiver of the right to bring an action in court.  Since this provision is unrelated to Coniglio's motion to dismiss, it will be discussed below, in the context of Coniglio's motion to strike Siren's jury demand.

Second, the Maker "waives any defenses, set-offs, counterclaims or other objections to the payment of this Note and any defenses which may be available to the Maker against the Holder."  This provision relates to "defenses, set-offs, counterclaims, or other objections" that Wenrich could assert against Coniglio, in the event that Coniglio brought an action against

NOT FOR PUBLICATION

Wenrich--presumably for Wenrich not fulfilling his obligations under the notes. In contrast, Coniglio now attempts to use this clause to dismiss an action by Siren against Coniglio for the latter's failure to apply the notes against Siren's obligations to Triboro. Such an action does not inherently involve Siren raising any "objections" to payment of notes, because Siren is not contesting *its* obligations under the notes. Nor, for similar reasons, does the action necessitate Siren invoking any "defenses . . . against the Holder." It follows that Coniglio's waiver argument for dismissing the Third-Party Complaint fails, and the Court does not now have to examine the scope or validity of Wenrich's waivers of these defenses.

### III.    Coniglio's Argument for Dismissal on Grounds of Judicial Efficency

Coniglio argues that Siren's Third-Party Complaint duplicates the requests for relief Siren has already asserted as affirmative defenses in its Answer to Triboro's Amended Complaint. As should be clear from the discussion above, Coniglio's argument holds no water: Siren's payment defense against Triboro is distinct from the claims made in the Third-Party Complaint against Coniglio. Triboro's judicial efficiency argument depends on the identity of the defenses and the claims identified in the Third-Party Complaint. Since the defense and the Third-Party Complaint claims are not identical, the Court does not have to consider the merits of the judicial efficiency argument further. Coniglio's judicial efficiency argument for dismissing the Third-Party Complaint fails.

### IV.    Coniglio's Argument for Dismissal on Grounds of Waiver of Jury Trial

Coniglio also argues that Siren's demand for jury trial with respect to Counts II and III of the Third-Party Complaint should be stricken on the basis of the notes' waiver provisions. As

NOT FOR PUBLICATION

has been noted, the relevant clause of the waiver provisions reads: "Maker hereof hereby expressly waives trial by jury in any action or proceeding arising on, out of, under or by reason of this Note . . . ."

To interpret the scope of the waiver provision, New Jersey law applies, because the promissory notes contain choice of law clauses stating that the notes "shall be governed and construed in accordance with the laws of the State of New Jersey."[4]  Though there is no New Jersey case law directly on point to guide the Court in its interpretation of the waiver clause, this clause is quite similar to "arising from" or "related to" arbitration clauses characterized by New Jersey Courts as broad clauses.  Commerce Bank, N.A. v. DiMaria Const., Inc., 300 N.J. Super. 9, 17 (N.J. Super. A.D. 1997).  The scope of these waiver provisions extends to the actions brought by Counts II and III of the Third-Party Complaint, since the actions are sufficiently related to the underlying Note to be encompassed by a relatively broad waiver clause.

Generally, and under New Jersey law, intentional third-party beneficiaries accrue the same benefits and suffer the same limitations of contractual provisions as the original parties who negotiated the contract.  See Restatement (Second) Contracts, § 309, Comment C; Roehrs v. Lees, 178 N.J.Super. 399, 409 (N.J. Super. A.D. 1981).  It follows that Siren is bound to the same jury waiver provisions as Wenrich when it litigates as the third-party beneficiary of the contracts "arising on, out of, under, or by reason of" the notes.  See In re Daimlerchrysler AG

---

[4] Federal Courts will give effect to parties' choice of law provisions in contracts.  See General Elec. Co. v. Deutz AG, 270 F.3d 144, 155 (3d Cir. 2001); Restatement (Second) of Conflicts § 187 (1971).

NOT FOR PUBLICATION

Secs. Litig., No. 00-993, 2003 WL 22769051 (D. Del. 2003 Nov. 19, 2003) (applying general rule to jury waivers and finding jury waivers limiting actions by non-signatories do not violate general federal policy of allowing litigants unhindered access to jury trial).

     Finally, the Court must evaluate whether the waiver clause is valid.  The issue of the validity of jury waivers in diversity cases is governed by federal law.  Simler v. Connor, 372 U.S. 221, 222 (1963).  For a federal court to enforce such a jury waiver, it must be made voluntarily and knowingly.  See, e.g., First Union Nat. Bank v. U.S., 164 F. Supp. 2d 660, 663 (E.D.Pa. 2001).  A waiver is deemed to be voluntary and knowing when: "(1) there was no gross disparity in bargaining power between the parties, (2) the parties are sophisticated business entities, (3) the parties had an opportunity to negotiate the contract terms, and (4) the waiver provision was conspicuous."  Id.  See also Kennedy Funding, Inc. v. Lion's Gate Development, LLC, No. 05-4741, 2006 WL 2038496, *3 (D.N.J. July 19, 2006).  On its face, the waiver appears to be valid.  There is no evidence of any gross disparity in bargaining power between Wenrich and Coniglio.  They were both experienced businessmen.  There is no indication that the agreement was not negotiated, and the waiver is in bold type and quite conspicuous.  Since the jury waiver is valid, Coniglio's motion to strike Siren's jury demand as to Counts II and III of the Third-Party Complaint is granted.

**NOT FOR PUBLICATION**

It is on this <u>18th</u> day of October, 2006:

    ORDERED that Third-Party Defendant Coniglio's motion to strike Third-Party Plaintiff Siren's jury demand as to Counts II and III of the Third-Party Complaint is GRANTED; it is further ORDERED that Third-Party Defendant Coniglio's motion to dismiss Siren's Third-Party Complaint is DENIED.

                                                      **/s/ William H. Walls**
                                                      United States Senior District Judge